UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23555-Civ-SEITZ
MAGISTRATE JUDGE P.A. WHITE

ROBERT BROWN,  :

    Petitioner,  :

v.  :      REPORT OF
    MAGISTRATE JUDGE
KENNY ATKINSON, et al.,  :

    Respondents.  :
_____

## I   INTRODUCTION

Robert Brown, a federal prisoner presently confined at FCI Miami, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (DE#1). The Court has for its consideration the petition; the respondent's Response to Order to Show Cause (DE#6); and the petitioner's Reply, captioned "Declaration in Opposition of Dismissal: Motion for Summary Judgment" (DE#7) which itself appears on the CM/ECF docket as a pending motion.

Brown was one of several co-defendants prosecuted in a case involving racketeering and related charges. See United States v. Feliz, et al., 5 Fed.Appx. 87, 2001 WL 266318, at **1-2 (2 Cir., March 16, 2001)(affirming Brown's conviction based on guilty plea). The Second Circuit's 2001 opinion indicates that in the Southern District of New York, Magistrate Judge Andrew J. Peck accepted Brown's guilty plea on November 16, 1999, to two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. §1959(a)(5), arising from his participation in the murders of Luis Loiaza and Lourdes Dominguez. Brown was sentenced by United States District Judge by Harold Baer, Jr., on April 3, 2000, to a 120 month term of imprisonment on each count, to be served consecutively, followed by a term of three years supervised release. Feliz, supra, 5 Fed.Appx. at 87-88. The petitioner and respondent state that Brown's anticipated release date is 7/13/2016.

Brown, citing cases from federal district and appellate courts

in several circuits, decided between 1976 and 2004 (DE#1, pp.2-3), argues that "18 U.S.C. §3621(b) does not constrain the BOP from considering inmates to be in the community correctional center program for the duration of your sentence." He further argues that "I am being deprived of my liberty interest due to the fact that I am confined in prison for the duration of my sentence and not CCC."

Brown states that he is the father of an 18 year old son, an 11 year old daughter, cared for by Brown's mother, who is under great strain as she is very old, "suffers from multiple sicknesses," and "probably doesn't have much time." Brown urges that "releasing me to home confinement would indeed work the miracles my family and I are seeking as relief."

In sum, Brown argues that he is entitled to immediate release to home confinement for the remaining 6 years of his 20 year term of imprisonment, or placement in a community correctional facility near his family, and he seeks an order from this court requiring his release.

For reasons discussed below, the respondent correctly argues that this court lacks jurisdiction to grant the relief which petitioner Brown seeks.

The respondent further argues that even if the Court could order petitioner's release to his home or a CCC, he has failed to state a claim entitling him to such relief. The respondent states in the Response to Order to Show cause that upon petitioner Brown's commitment to the BOP, and again each year thereafter through its Annual Review Program, the BOP, in determining in what facility Brown should be confined, has regularly applied 5 factors set forth in 18 U.S.C. §3621(b). The respondent states that in each of those reviews Brown was present and able to participate. This has not been refuted by Brown, but he contends that based on his family's

aforementioned circumstances, the Court should grant his petition for writ of habeas corpus, and order the BOP to release him to serve the last six years of his sentence at home (or in a CCC).

## II   DISCUSSION

The pre-release community confinement programs (home release, or to a CCC) referred to by petitioner are for the purpose of increasing the likelihood of successful reintegration of the prisoner into the community upon expiration of his sentence. <u>See Neal v. Sanders</u>, No. CV 08-8125-CJC (RNB), 2009 WL 4906535, at *5 (C.D. Cal., Dec. 18, 2009).

Congress has delegated inmate placement authority to the BOP under two statutes, 18 U.S.C. §§3621(b) and 3624(c).

Section 3621(b) reads as follows:

> **§ 3621 Imprisonment of a convicted person**
>
> **(b) Place of imprisonment.**-The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-

> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

18 U.S.C. § 3621(b).

Prior to 2002, the BOP's policy was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in an RRC [Residential Residency Center]. Neal, supra, at *4 (citing Rodriquez v. Smith, 541 F.3d 1180, 1182 (9 Cir. 2008). Then, in December 2002 the BOP changed its policy by limiting an inmate's eligibility for placement in an RRC to 6 months or the final 10 percent of his sentence, whichever was shorter. (Id.). The First and Eighth Circuits invalidated the policy because as written it failed to recognize the BOP's discretion to transfer inmates to an RRC at any time, as provided by §3621. See Rodriquez, supra at 1182-83. The BOP, in response, decided to exercise its discretion categorically to limit inmates' community confinement to the last ten percent of the prison sentence being served, not to exceed six months." See Rodriquez, supra, at 1183 (quoting 69 Fed.Reg. 51213). Those rules were published as 28 C.F.R. §§570.20 and 570.21,

effective on February 14, 2005. Rodriquez, supra, at 1183.

As discussed in Neal v. Sanders, supra, at *4, on April 9, 2008, Congress signed into law the "Second Chance Act of 2007." The Act amended 18 U.S.C. §3624(c) to require, $inter\ alia$, that the BOP's pre-release RRC placement decisions be made on an individualized basis consistent with the factors set forth in §3621(b). Section 3624(c)(1), as amended, now provides, as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. §3624(c)(1).

The Second Chance Act also directed the BOP to issue new regulations that ensured RRC placement was consistent with §3621(b), and it authorized the BOP to consider placing inmates in an RRC for up to the final 12 months of their sentence. Neal, supra at *4. In reaction to the "Second Chance Act" the BOP issued a Memorandum on April 14, 2008, which provided guidance on pre-release decisions in light of the ACT. The Memorandum stated that 28 C.F.R. §§570.20 and 570.21 were no longer applicable, and should not be followed. It further provided that inmates were to be individually considered for pre-release RRC placements using the 5 factors from §3621(b). Neal, supra, at *5. On September 4, 2008, the Ninth Circuit decided Rodriquez, holding that 28 C.F.R. §§570.20 and 570.21 were invalid because they conflicted with Congressional intent of §3621(b). Rodriquez did not require the BOP, once it had applied the factors of §3621(b), to grant an

5

inmate's request for immediate transfer to an RRC, or to afford the inmate any particular length of time in RRC placement. See Berry v. Sanders, 2009 WL 789890, at *6-7 (C.D.Cal., March 20, 2009).

As noted by the Respondent in this case, the BOP thereafter amended its permanent regulations, effective October 21, 2008. As a result, 28 C.F.R. §570.21, in pertinent part, now provides:

> **570.21 Time-frames**
>
> (a) Community Confinement.  Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home Confinement.  Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmates term of imprisonment, not to exceed the shorter of ten percent of the inmates term of imprisonment or six months.
>
> (c) Exceeding the time-frames.  These time frames may be exceeded when separate statutory authority allows greater periods of community confinement as a condition of pre-release custody.

In addition, 28 C.F.R. §570.22 now provides:

> Inmates will be considered for prerelease community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time frames set forth in this part.

The law is clear that the BOP has exclusive authority to designate a prisoner's place of confinement. A federal district court does not have the authority to order an inmate's placement in a particular facility or program. 18 U.S.C. §3621(b); United States v. Henderson, 526 F.2d 889, 896-97 (5 Cir.1976); Gereau v. Henderson, 526 F.2d 889, 896-97 (5 Cir.1976)(initial determination of the place and specific facility of confinement is almost wholly confided in the Attorney General. Sentencing court may only recommend a place of confinement); Clay v. Henderson, 524 F.2d 921, 924 (5 Cir. 1975) (Bureau of Prisons possesses absolute authority, absent showing of abuse of discretion, to designate the place of a prisoner's confinement); United States v. Eakman, 378 F.3d 294 (3 Cir.2004); United States v. Williams, 65 F.3d 301, 307 (2 Cir. 1995)("sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program"); Neal v. Sanders, supra, 2009 WL 4906535, at *4 (C.D. Cal., Dec. 18, 2009)(the BOP is solely responsible for designating the place of confinement)(citing United States v. Dragna, 746 F.2d 457, 458 (9 Cir.1984) cert. denied, 469 US. 1211 (1985)(district court does not have jurisdiction to decide the location of a defendant's incarceration, that decision rests solely with the executive branch) and citing United States v. Charry Cubillos, 91 F.3d 1342, 1343, n.1 (9 Cir.1996)(same)); Stockton v. Adler, No. 1:08-CV-01594 OWW GSA HC, 2008 WL 5136133, at *3 (E.D.Cal., Dec. 8, 2008)("While Petitioner is entitled to an RRC assessment made independently of [28 C.F.R. §§ 570.20 and 570.21], there is no authority for the proposition that he has a statutory or constitutional right to an immediate assessment or transfer."); Arred v. Phillips, No. 5:07CV126, 2008 WL 4219074, *3 n. 2 (N.D.W.Va., Sept. 15, 2008) ("To the extent that the petitioner seeks an order requiring the BOP to afford him a longer period of CCC placement, this Court lacks authority to grant the relief he seeks."); Falcon v. Knowles, 807 F.Supp. 1531, 1533 (S.D.Fla.1992) (The designation of a prisoner to a place of confinement is

7

entirely within the discretion of prison authorities).

In sum, it appears that it is solely the BOP which can provide Brown with the only relief to which he is entitled, that is, evaluation for placement, which the Respondent indicates has occurred at each of Brown's annual reviews. Although the petitioner asserts that the BOP should have reached a different decision that it has regarding his place of confinement, the record does not demonstrate that the five §3621(b) factors have not been considered during petitioner Brown's annual reviews with regard to decisions about his placement, which currently is confinement at FCI-Miami.

Although the petitioner believes that the BOP should reach (or should have reached) a conclusion that he should immediately be released to home confinement (or to a CCC) for the last six years of his prison term, as noted <u>supra</u>, the decisions regarding the prisoner's placement, including whether, when, and for how long he might appropriately be placed either in a pre-release setting (Community Confinement or Home Confinement), are for the BOP to make, and are matters over which this Court does not have authority.

## IV   CONCLUSION

It is therefore recommended that: 1) the petition for writ of habeas corpus (DE#1) be dismissed; 2) **Brown's Declaration, captioned as a Motion for Summary Judgment (DE#7),** which is in legal effect his Reply to the Respondent's Response to Order to Show Cause, **be denied**; and 3) this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: June 11th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

8

```
cc:   Robert Brown, Pro Se
      Reg. No. 42463-054
      FCI Miami
      P.O. Box 779800
      Miami, FL 33177

      Carlos Raurell
      Assistant United States Attorney
      U.S. Attorney's Office
      99 N.E. 4th Street, Suite 300
      Miami, FL  33132
```