UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23555-CIV-SEITZ/WHITE

ROBERT BROWN,

    Petitioner,

v.

KENNY ATKINSON, et al.,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Report and Recommendation ("Report") [DE 11] of the Honorable Patrick A. White, United States Magistrate Judge, recommending that Petitioner Robert Brown's Petition for Writ of Habeas Corpus [DE 1], which requests his immediate release to home confinement or a community correctional center ("CCC") for the remaining six years of his prison term, be dismissed. The Court has conducted a *de novo* review of the record, including Petitioner Robert Brown's Objection[1] [DE 13], and finds that Judge White's factual findings are not clearly erroneous and that he correctly applied the law to the facts. Therefore, the Court will affirm and adopt Judge White's findings and recommendations in full, for the reasons stated in the Report.

Petitioner Robert Brown is serving a twenty year sentence at the Federal Correctional Institution in Miami, Florida with an anticipated good conduct release date of July 13, 2016. [DE 6 at 1]. Brown's Petition does not challenge his conviction or sentence,[2] but rather, requests an order directing the Bureau of Prisons ("BOP") to immediately place him in either home confinement or a CCC for the remainder of his prison sentence. Judge White recommends that Brown's Petition be dismissed because this Court does not have the

---

[1] In addition to filing a Petition [DE 1] and Objections [DE 13], Brown filed an Affidavit of Claims [DE 14], and a Reply [DE 7] to the Response to Order to Show Cause [DE 6] – titled "Declaration in Opposition of Dismissal: Motion for Summary Judgment," which appears on the CM/ECF docket as a pending motion.

[2] Brown plead guilty to two counts of conspiracy to commit murder in aid of racketeering and was sentenced to 120 months as to each count, to run consecutively. The conviction and sentence were affirmed. *United States v. Feliz, et al.*, 5 Fed.Appx. 87 (2d Cir. 2001).

authority to grant Brown the relief he seeks. As Judge White correctly sets forth in his Report [DE 11], BOP has the sole authority to designate the facility in which a prisoner is confined. That is, the decision regarding whether Brown should be released to home confinement or CCC is for BOP alone to make.

Brown objects [DE 13] to the Report arguing BOP regulations are invalid, and that the Respondent cannot demonstrate why Brown is not entitled to immediate release to a CCC. [DE 13 at 3-5]. Citing cases from other Circuits and Districts, Brown argues that BOP has the authority to place a prisoner in home confinement or CCC at any point during the inmate's sentence. [*Id.* at 1]. Additionally, Brown argues that he is being deprived of his liberty because he is confined in prison and not a CCC. [*Id.*] However, Brown's arguments – that "[i]t was improper for the BOP to assume that a CCC could serve only as a re-entry facility," and that the BOP's categorical ten-percent rule in considering community release is contrary to governing law – and the cases he cites are based upon the prior version of 28 C.F.R § 570.21, a BOP regulation amended effective October 21, 2008.[3] [*Id.* at 4-5].

Amendments to the challenged BOP regulation render Brown's arguments moot. *See* 28 C.F.R § 570.21. Additionally, the Second Chance Act of 2007, amending 18 U.S.C. § 3624(c), authorizes BOP to consider placing inmates in home confinement or CCC for up to the final twelve months of their sentence.[4] Furthermore, the Second Chance Act of 2007, also requires that BOP's pre-release placement decisions be made on an individualized basis consistent with the factors set forth in 18 U.S.C. § 3621.[5]

---

[3] Prior to 2002, BOP policy was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in home confinement or CCC. *See Rodriguez v. Smith*, 541 F.3d 1180, 1182 (9th Cir. 2008). BOP changed its policy in December 2002 by limiting an inmate's eligibility for placement in home confinement or CCC to the lesser of six months or the final ten percent of the inmate's prison term.

[4] Brown's writ is premature as he has a minimum of five and one-half years remaining in his prison sentence.

[5] Although inmates are not eligible for home confinement or CCC until the final twelve months of their sentence, BOP is required to evaluate an inmate's placement annually. The enumerated factors are:
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence –
        (A) concerning the purposes for which the sentence to imprisonment was

Although BOP is authorized to place an inmate in home confinement or CCC, an inmate is not entitled to such placement at any time. 18 U.S.C. § 3624(c). Brown's only entitlement is an individual evaluation for placement at a CCC consistent with the factors set forth in 18 U.S.C. § 3621, which Respondent indicates has occurred.[6] [DE 11 at 4]. Therefore, it is

ORDERED that

(1) Judge White's Report and Recommendation [DE 11] is AFFIRMED and ADOPTED.

(2) Petitioner's Petition for Writ of Habeas Corpus [DE 1] is DISMISSED.

(3) All pending motions not ruled upon, including Petitioner's Declaration, titled Motion for Summary Judgment [DE 7], are DENIED AS MOOT.

(4) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 14th day of September, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge White
      Counsel of Record/*Pro Se* Parties

---

        determined to be warranted; or
       (B) recommending a type of penal or correctional facility as appropriate; and
  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section
      994(a)(2) of title 28
18 U.S.C. § 3621(b).

[6] Brown also argues that Respondent's Response [DE 6] to the Order to Show Cause should be stricken because it contains misrepresentations regarding BOP's annual review of Brown's place of confinement. It appears BOP reviewed Brown's placement in May, 2010, but Brown felt that BOP "refused to address the issue of placing Petitioner Brown in a CCC now." [DE 14 ¶ 2-3]. However, because an inmate may be placed in CCC for up to the final twelve months of his sentence, and because Brown's good conduct release date is more than five and one-half years away, Case Manager Carr correctly informed Brown that "[a]ll I can do is recommend you for a nearer release transfer." [*Id.* ¶ 4].